UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND

IN RE:

| | | |
|---|---|---|
| MARTHA ALICE WILLEMAIN<br>1404 WILTWYCK ROAD<br>BALTIMORE, MD 21209 | * <br><br>* | Case No.: 09-28719-RAG<br><br>Chapter 7 |
| Debtor | * | |
| MARTHA ALICE WILLEMAIN<br>1404 WILTWYCK ROAD<br>BALTIMORE, MD 21209 | *<br><br>* | |
| Plaintiff | * | Adv. Proc. No.: |
| vs. | * | |
| ST. JOSEPH MEDICAL CENTER, INC.<br>PO BOX 644163<br>PITTSBURGH, PA 15264 | *<br><br>* | |
| and | * | |
| PFS GROUP, LIMITED PARTNERSHIP<br>7670 WOODWAY DRIVE<br>SUITE 250<br>HOUSTON, TX 77063-1519 | *<br><br>*<br><br>* | |
| Defendants | | |

* * * * * * * * * * * * * *

**<u>Complaint Seeking Damages in Core Adversary Proceeding</u>**

**Introduction**

1.  This is an action for actual and punitive damages filed by the Debtor pursuant to Sections 105 and 524 of the United States Bankruptcy Code, the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq. ("FDCPA"),* 15 U.S.C. § 1681 *et seq. ("FCRA"); and* the Maryland Consumer Protection Act ("MCPA") Maryland Consumer Law Article § 13-303(4).

1

2. This action is also filed to enforce the applicable Federal Rules of Bankruptcy Procedure to the extent the same apply to this case.

### Jurisdiction and Venue

3. Jurisdiction is conferred on this Court pursuant to the provisions of §1334 of Title 28 of the United States Code in that this proceeding arises in and is related to the above-captioned Chapter 7 case under Title 11 and concerns property of the Debtors in that case.

4. This Court has both personal and subject matter jurisdiction to hear this case pursuant to Title 28 § 1334 and §157(b) (2) of The United States Code.

5. This Court has supplemental jurisdiction to hear all state law claims pursuant to § 1367 of Title 28 of the United States Code.

6. This Court also has jurisdiction to hear the Fair Debt Collection Practices Act violations pursuant to § 1692 of title 15 of the United States Code; thus federal subject matter jurisdiction is properly founded upon § 1331 of Title 28 of the United States Code.

7. This matter is a core proceeding and therefore the Bankruptcy Court has jurisdiction to enter a final order. However, in the unlikely event this case is determined to be a non-core proceeding the Plaintiffs consent to the entry of a final order by the Bankruptcy Judge.

8. Venue lies in this District pursuant to 28 USC §1391(b) of the United States Code.

### Parties

9. The Plaintiff in this case was a Debtor under Chapter 7 of Title 11 of the United States Code in case number 09-28719-RAG, which case was previously closed after the entry of a full and complete Order of Discharge.

10. The Defendant, St. Joseph Medical Center, Inc. (hereinafter St. Joseph), a Maryland corporation, is upon information and belief a medical provider licensed to practice medicine in the State of Maryland. St. Joseph's principal place of business is located at 7601 Olser Drive, Towson, MD 21204.

11. The Defendant, PFS Group, Limited Partnership (hereinafter PFS), is upon information and belief a Maryland limited partnership that engages in the consumer collection business in the State of Maryland. As of the date of PFS.'s communication with the Plaintiff, they were duly licensed with the Department of Labor and Licensing in the State of Maryland. PFS.'s principal place of business is located at 7670 Woodway, Suite 250, Houston, TX 77063.

2

## Factual Allegations

12. The Plaintiff, Martha Alice Willemain, (hereinafter referred to as "Willemain") filed a Chapter 7 on October 1, 2009 and admits that she had a debt owed to St. Joseph which was incurred prior to the filing of the bankruptcy.

13. The Plaintiff properly scheduled St. Joseph, as an unsecured creditor on Schedule F, by amendment on December 21, 2009, with a balance due of $192.00. The address utilized was PO Box 644163, Pittsburgh, PA 15264 and the Plaintiff asserts that notice was mailed and was not returned. A true, complete and accurate copy of schedule F is attached hereto and marked as "**Exhibit A**".

14. The Plaintiff was granted a Discharge pursuant to 11 USC §727 on January 13, 2010 and the case was subsequently closed by Final Decree on March 1, 2010. The Plaintiff has reason to believe that a copy of the discharge was mailed to all creditors based upon the Certificate of Mailing issued by BAE Systems and attached to the Discharge. A true, complete and accurate copy of the discharge and Certificate of Mailing is attached hereto and marked as "**Exhibit B**".

15  The Plaintiff alleges that since the entry of the Discharge Order by this Court  the following events have occurred:

    a. That on January 21, 2010, the Plaintiff received a bill from St. Joseph demanding payment in the amount of $191.84, a copy attached hereto marked as **"Exhibit C".**

    b. That on February 20, 2010, the Plaintiff received another bill from St. Joseph demanding payment in the amount of $191.84, a copy attached hereto marked as **"Exhibit D".**

    c. That on March 8, 2010, the Plaintiff received another bill from PFS demanding payment in the amount of $191.84 for a debt due for St. Joseph that was referred to PFS for collection purposes is attached hereto marked as **"Exhibit E".**

    d. That on April 7, 2010, the Plaintiff received another bill from PFS demanding payment in the amount of $191.84 for a debt due for St. Joseph that was referred to PFS for collection purposes is attached hereto marked as **"Exhibit F".**

16. That St. Joseph intentionally sold the discharged debt notwithstanding notice of the

bankruptcy case referred to herein and knowledge of the Discharge Order.

17. There is no evidence in the docket that any mail was returned as "undeliverable" to St. Joseph, thus the Plaintiff has reason to believe that St. Joseph had actual knowledge of the Notice of Commencement of Case as well as the Discharge.

18. Plaintiff has reason to believe that St. Joseph, despite having received the aforementioned Notices, sold, transferred or assigned Plaintiffs' account to PFS. The Plaintiff also allege on information and belief that PFS received actual notice of the Chapter 7 filing through such proprietary services as AACER and BANKO.

### FIRST CLAIM FOR RELIEF
### WILLFUL VIOLATION OF THE DISCHARGE INJUNCTION

19. The allegations in paragraphs 1 through 18 of this complaint are realleged and incorporated herein by this reference.

20. The Plaintiff is informed and believes and therefore allege that the actions of Defendants constitute a gross violation of the discharge injunction imposed pursuant to 11 U.S.C. §524(a), which the Court may enforce under 11USC §105.

21. The Plaintiff is informed and believe and therefore allege that the Defendants are seeking to recover money from the Plaintiffs for which they have no legal right or claim and that such act or actions constitute unlawful and illegal acts in violation of the discharge injunction.

22. As a result of the above violations of 11 U.S.C. §524, the Defendants are liable to the Plaintiff for actual damages and legal fees in an amount to be determined by this Court.

### SECOND CLAIM FOR RELIEF
### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

23. The allegations in paragraphs 1 through 22 of this complaint are realleged and incorporated herein by this reference.

24. The foregoing acts and omissions by the Defendants constitute violations of the FDCPA, which include, but are not limited to the following:

   a. The Defendant's violated 15 U.S.C. § 1692f(1) by collecting or attempting to collect amounts not permitted by law and by otherwise using unfair and unconscionable methods; and

    b.    The Defendants violations include, but are not limited to, engaging in any conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of a debt pursuant to 15 U.S.C. § 1692d.

25.    As a result of the above violations of the FDCPA, the Defendants are liable to the Plaintiffs for actual damages, statutory damages of $1,000.00, and attorney's fees.
.

### THIRD CLAIM FOR RELIEF
### VIOLATION OF THE MARYLAND CONSUMER PROTECTION ACT (MCPA)

26.    The allegations in paragraphs 1 through 25 of this complaint are realigned and incorporated herein by this reference.

27.    Defendants conduct was unfair and deceptive and violated the Maryland Consumer Protection Act ("MCPA"), Maryland Commercial Law Article §13-303 (4). The Plaintiffs are informed and believe and therefore allege that the Defendants are seeking to recover money from the Plaintiff for which they have no legal right or claim and that such act or actions constitute unlawful and illegal acts by engaging in unfair or deceptive trade practice in violation of the MCPA.

**WHEREFORE,** the Plaintiffs having set forth their claims for relief against the Defendants respectfully pray of the Court as follows:

    A.    That the Plaintiffs shall have and recover against Defendants actual damages that in the discretion of this Court is deemed appropriate;

    B.    That the Plaintiffs have and recover against the Defendants a sum to be determined by the Court in the form of statutory damages;

    C.    That the Plaintiffs shall have and recover against the Defendants any and all reasonable legal fees and expenses incurred by their attorney;

    D.    That this Court order the Defendants to pay additional actual damages and statutory damages of $1,000.00 for violating the FDCPA pursuant to 15 U.S.C. §1692k;

    E.    That this Court order Defendants, jointly and severally, to pay additional actual damages in a sum to be determined by the Court for violation of the Maryland Consumer Protection Act;  and

    G.    That the Plaintiffs shall have such other and further relief as the Court may deem just and proper.

Date: <u>Monday, May 03, 2010</u>     /s/ Robert N. Grossbart, Esquire
Robert N. Grossbart, Esquire (04116)
Grossbart, Portney & Rosenberg, P.A.
Blaustein Building, Suite 1214
One North Charles Street
Baltimore, Maryland 21201
(410) 837-0590-T
(410) 837-0085-F
Email: Robert@grossbartlaw.com
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on Monday, May 03, 2010, a copy of the foregoing Complaint Seeking Damages in Core Adversary Proceeding was mailed first class mail, postage prepaid or delivered via CM/ECF to the following:

Office of the US Trustee
101 W. Lombard Street
2nd Floor
Baltimore MD 21201

Marc Baer, Trustee
455 Main Street
Reisterstown, MD 21136

St. Joseph Medical Center, Inc.
7601 Osler Drive
Towson, MD 21201

PFS Group, Limited Partnership
7670 Woodway
Suite 250
Houston, TX 77063

The Corporation Trust Incorporated
351 W. Camden Street
Baltimore, MD 21201
Resident Agent for both Defendants

/s/ Robert N. Grossbart, Esquire
Robert N. Grossbart, Esq.(04116)

6